UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LA'RON M. CLOWER, | ) | |
| | ) | |
| Plaintiff, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| vs. | ) | Case No.: 4:19-cv-2284 |
| | ) | |
| DIANE N. MANLEY, individual capacity | ) | |
| Serve at: 212 3rd St, Steelville, MO  65565; | ) | |
| and | ) | |
| | ) | |
| CRAWFORD COUNTY, MISSOURI | ) | |
| 302 West Main Street, Steelville, MO  65565; | ) | |
| and | ) | |
| | ) | |
| JESSICA R. TREECE, individual capacity | ) | |
| Serve at: 212 3rd St, Steelville, MO  65565; | ) | |
| and | ) | |
| | ) | |
| JOSHUA L. DELMAIN, individual capacity | ) | |
| Serve at: 212 3rd St, Steelville, MO  65565; | ) | |
| and | ) | |
| | ) | |
| MATTHEW A. WEST, individual capacity | ) | |
| Serve at: 212 3rd St, Steelville, MO  65565; | ) | |
| and | ) | |
| | ) | |
| CHRISTOPHER BACH, individual capacity | ) | |
| Serve at: 212 3rd St, Steelville, MO  65565; | ) | |
| and | ) | |
| | ) | |
| JOHN AND JANE DOES 1-10, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

# *COMPLAINT*

COMES NOW Plaintiff, La'Ron M. Clower, by and through the undersigned counsel,

and states the following in support of his Complaint:

*INTRODUCTION*

1.      La'Ron M. Clower ("Plaintiff"), at the time of the subject incident on August 4, 2017, at approximately 8:08:26PM, was a pretrial detainee at the Crawford County, Missouri jail.

2.      At the time of the filing of this Complaint, Plaintiff is being held as an inmate at the Federal Correctional Institution in Greenville, Illinois.

3.      Defendant Diane M. Manley, while acting in the course and scope of her employment with Defendant Crawford County, wrongfully and unlawfully deployed her TASER against Plaintiff, which resulted in Plaintiff suffering severe injuries, and losing consciousness, whereupon Plaintiff was airlifted to a hospital in St. Louis, Missouri where he was diagnosed with suffering permanent and lasting injuries.

*PARTIES*

4.      At all times relevant to this cause of action, Defendant Diane N. Manley was an Officer of the Crawford County Sheriff's Office bearing the rank of Corporal, and was employed by Crawford County, Missouri; Defendant Manley is sued in her individual capacity, only.  Defendant Manley acted under color of state law and acted in the scope and course of her employment at the time of the subject incident.

5.      Defendant Crawford County, Missouri, at all times relevant hereto, is a properly organized county within the State of Missouri.  Defendant Crawford County, Missouri is responsible for and manages, directs, and controls the Crawford County Jail.

6.      Defendant Crawford County Sheriff's Office promulgates controls and supervises Defendant Manley, and also promulgates and sets the policies and practices of the Jail and the Sheriff's Office, as set forth by and consistent with Crawford County, Missouri.

7.    Defendant Crawford County, Missouri, at all times relevant hereto, was responsible for each department within Crawford County, including the Sheriff's Department, including the conduct, acts and omissions of its officers and jail staff.

8.    At all times relevant to this cause of action, Defendant Crawford County, Missouri possessed the power and authority to adopt policies and prescribe rules, regulations, and practices affecting all facets of the training, supervision, control, employment, assignment and removal of individual officers of Crawford County Sheriff's Department, and to assure that said actions, policies, rules, regulations, practices, and procedures of the Crawford County Sheriff's Department and its employees comply with the laws and Constitutions of the United States and of the State of Missouri.

9.    At all times relevant to this cause of action, Defendant Jessica R. Treece was an Officer of the Crawford County Sheriff's Office bearing the rank of Detention Officer, employed by Crawford County, Missouri; Defendant Treece is sued in her individual capacity, only. Defendant Treece acted under color of state law and acted in the scope and course of her employment at the time of the subject incident.

10.   At all times relevant to this cause of action, Defendant Joshua L. Delmain was an Officer of the Crawford County Sheriff's Office bearing the rank of Detention Officer, employed by Crawford County, Missouri; Defendant Delmain is sued in his individual capacity, only.  Defendant Delmain acted under color of state law and acted in the scope and course of his employment at the time of the subject incident.

11.   At all times relevant to this cause of action, Defendant Matthew A. West was an Officer of the Crawford County Sheriff's Office bearing the rank of Detention Officer, employed by Crawford County, Missouri; Defendant West is sued in his individual capacity, only.

Defendant West acted under color of state law and acted in the scope and course of his employment at the time of the subject incident.

12. At all times relevant to this cause of action, Defendant Christopher Bach was an Officer of the Crawford County Sheriff's Office bearing the rank of Deputy, employed by Crawford County, Missouri; Defendant Bach is sued in his individual capacity, only. Defendant Bach acted under color of state law and acted in the scope and course of his employment at the time of the subject incident.

*JURISDICTION*

13. Plaintiff brings this action pursuant to 42 U.S.C. §§ 1983 and 1988, along with the Fourth and Fourteenth Amendments to the United States Constitution as well as claims under Missouri state law.

14. This Court has jurisdiction pursuant to 28 U.S.C. § 1343 and 28 U.S.C. § 1331.

15. This Court has supplemental jurisdiction to hear and decide claims arising under Missouri law pursuant to 28 U.S.C. § 1367.

*VENUE*

16. The subject events occurred in Crawford County, Missouri, which is a region over which the United States District Court for the Eastern District of Missouri, Eastern Division, exercises venue pursuant to Eastern District of Missouri Local Rule 3 – 2.07(A)(1) and (B)(2).

*FACTS*

17.  At approximately 7:57PM, Defendant Manley was in the E-Pod of the Crawford County jail and addressed an inmate she believed to be in violation of jail policy by failing to wear a shirt while retrieving his legal mail.

4

{02268775.DOCX;1}

18. Defendant Manley told this inmate that he was in violation of a jail policy and that he would therefore be relocated to Delta Pod.

19. Defendant Manley told this inmate, "You either go pack your stuff so I can move you to a different pod, or I'm going to lock you down for failing to follow my directives."

20. Defendant Manley drew her TASER, and physically forced the inmate to walk up the steps.

21. At this time, Defendant Manley was aware that activating a TASER against an individual located near certain hazards, such as stairs or hard objects (such as a bunk and a table), posed an increased risk of serious bodily harm to the individual being tased.

22. Defendant Manley activated her TASER in drive stun against this inmate, even though this inmate was, at the time, not a threat and was non-violent.

23. Defendant Manley pushed this inmate into his cell after the inmate was tased.

24. Defendant Manley instructed Detention Officer Treece to tase this inmate.

25. As a result of the tasing, this inmate hit his head on a bunk and sustained a laceration to his head.

26. The tasings against this inmate were unlawful and in violation of policy and procedure, of the law and of his constitutional rights.

27. Defendant Manley shouted to other inmates in the E-Pod, including to Plaintiff, "I need you to fucking lock down, now!  Lock down now!  I will tase all you motherfuckers!  I'm on a roll now!"

28. Defendant Manley began walking down the staircase in E-Pod with her TASER device in her left hand, and Plaintiff was at the bottom of the staircase, just off to its side.

{02268775.DOCX;1}

29.    In response to the orders of Defendant Manley, Plaintiff walked away from the staircase toward the cells.

30.    Defendant Manley began drawing her TASER before she reached the very bottom of the staircase while Plaintiff turned slightly toward his left with his back and left side facing Defendant Manley.

31.    Plaintiff was non-violent and posed no immediate threat to Defendant Manley.

32.    Defendant Manley discharged her TASER in probe mode, impacting Plaintiff.

33.    The tasing of Plaintiff is captured on video (without audio).  See Ex. A to Plaintiff's Complaint.

34.    At the time of the tasing, Defendants Treece, West, Delmain, and Bach were in E-Pod at the time Defendant Manley descended the stairs and were capable of speaking with Defendant Manley, calming her down, removing her TASER, and otherwise intervening to prevent her from tasing Plaintiff.  These Defendants did not so intervene.

35.    Defendant Manley used force against Plaintiff that was unnecessary and excessive.

36.    The force was used by Defendant Manley in bad faith and with malice

37.    The bad faith and malice includes, without limitation, the fact that Manley knew that using a TASER device next to a metal table posed a risk of significant bodily harm, especially considering the fact she ordered the tasing of another inmate just moments before, whereby that inmate sustained a laceration to his head; by her use of the TASER against Plaintiff who was non-violent and who had not aggressed toward Defendant Manley and otherwise had his back partially facing her at the moment she deployed her TASER against him; and by her use of the TASER device as a form of punishment.

38.     In so acting, Defendant Manley showed callous and reckless indifference toward the rights of Plaintiff, was sadistic and reckless, and engaged in the use of unnecessary force in the face of a perceived risk that was not reasonable and knowing that her actions would violate federal law and the Constitutional rights of the Plaintiff.

39.     As a result of the tasing, Plaintiff's head violently struck a table.

40.     Defendant Manley knew when Plaintiff hit the table with his head that, ". . . it wasn't good, because he hit hard."

41.     After Plaintiff was tased, and his head hit the table, he was severely injured and he exhibited labored breathing.

42.     After receiving chest compression treatment and treatment via a defibrillator, an ambulance took Plaintiff to a helicopter where he was airlifted to a hospital in St. Louis, Missouri.

43.     As a result of the tasing, and striking his head, the Plaintiff sustained traumatic brain injuries, and as a result, was in a coma – assessed to be within a range of the Glasgow Coma Scale of 3-8 – for an extended period of time.

44.     As a result of the tasing, and striking his head, the Plaintiff has suffered, continues to suffer, and will suffer from serious, permanent life-changing injuries and side effects, including without limitation significant medical treatment and rehabilitation bills; headaches; pain and suffering; mental anguish; light sensitivities; insomnia; high blood pressure and hypertension; leg cramping; inability to engage in substantial exercise; difficulty walking; numbness in both legs; injuries to his head; injuries to his mental state; vision problems; short-term memory loss; forgetfulness; amnesia; and decreased

{02268775.DOCX;1}

cognitive skills, including but not limited to, new reading and comprehension difficulties, processing delays, and other similar issues.

45. As a direct and proximate result of the application of excessive and unnecessary force on Plaintiff by Defendant Manley, Plaintiff sustained severe and permanent injuries.

46. Upon information and belief John and Jane Does 1–10 were also capable of intervening or providing adequate medical care and failed to do so, causing harm and damage to Plaintiff, as discovery may show.

*COUNT I*

**Civil Rights Violation – 42 U.S.C. § 1983 – Violation of Plaintiff's Fourth and Fourteenth Amendment right to be free from excessive force while a pretrial detainee against Defendant Manley.**

47. Plaintiff re-alleges and incorporates by reference, as though fully contained herein, paragraphs one through forty–six set forth above.

48. Defendant Manley used excessive and unreasonable force when she discharged her TASER against Plaintiff, a non-violent pretrial detainee, while Plaintiff was near a table.

49. Defendant Manley's deployment of her TASER was unnecessary to manage the circumstances confronting her in the jail, nor was it necessary to preserve the safety and order of the facility.

50. There was no need for Defendant Manley to engage in the application of force via deployment of her TASER against Plaintiff; the amount of force used was excessive; the injury to Plaintiff was substantial, significant, severe, and life-altering; deployment of the TASER was not done in good faith to maintain or restore discipline, but was done

8

maliciously and sadistically for the very purpose of causing harm; and a reasonable officer on the scene would not have used the same force under similar circumstances.

51. The law was clearly established that Defendant Manley's conduct was in violation of Plaintiff's rights as a pretrial detainee under the Fourth Amendment and the Due Process Clause of the Fourteenth Amendment. See *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (U.S. 2015).

52. As a result of the unconstitutional and unlawful tasing, Plaintiff has sustained severe and permanent injuries as more fully set forth above and has sustained damages as a result of his constitutional right being violated.

WHEREFORE, Plaintiff respectfully prays for judgment under 42 U.S.C. §§ 1983 and 1988 against Defendant Manley in her individual capacity for compensatory damages in a fair and reasonable amount, for punitive damages, for reasonable attorneys' fees, for expenses, costs, and other such relief consistent with the purpose of 42 U.S.C. §§ 1983 and 1988.

## *COUNT II*

**Civil Rights Violation – 42 U.S.C. § 1983 – Violation of Plaintiff's Fourth and Fourteenth Amendment right to be free from excessive force while a pretrial detainee against Defendants Treece, West, Delmain, and Bach for failure to intervene.**

53. Plaintiff re-alleges and incorporates by reference, as though fully contained herein, paragraphs one through fifty–two set forth above.

54. Defendants Treece, West, Delmain, and Bach were aware Defendant Manley tased another inmate whereby the inmate sustained a head wound / laceration.

55. Defendants Treece, West, Delmain, and Bach were aware Defendant Manley had threatened to tase other inmates without any violent behavior from any other inmate.

56. Defendants Treece, West, Delmain, and Bach were aware Defendant Manley descended the stairs with her TASER in her left hand.

57. Defendants Treece, West, Delmain, and Bach had the ability to intervene, but failed to do so.

58. As a result of Defendants Treece, West, Delmain, and Bach's failure to intervene, Plaintiff has sustained severe and permanent injuries as more fully set forth above and has sustained damages as a result of his constitutional right being violated.

WHEREFORE, Plaintiff respectfully prays for judgment under 42 U.S.C. §§ 1983 and 1988 against Defendant Manley in her individual capacity for compensatory damages in a fair and reasonable amount, for reasonable attorneys' fees, for expenses, costs, and other such relief consistent with the purpose of 42 U.S.C. §§ 1983 and 1988.

## COUNT III

**Civil Rights Violation – 42 U.S.C. § 1983 – *Monell* claim against Crawford County, Missouri.**

59. Plaintiff re-alleges and incorporates by reference, as though fully contained herein, paragraphs one through fifty–eight set forth above.

60. Upon information and belief, Crawford County, Missouri officers, including Defendant Manley, engaged in a pattern and practice which was continuing, widespread, and persistent of violating individuals' rights to be free from the application of unnecessary and excessive force and cruel and unusual punishment.

61. Final policymakers of Defendant Crawford County, Missouri were aware of said pattern and practice of individuals' civil rights, but were deliberately indifferent and / or tacitly authorized such misconduct after notice of the misconduct and failing to act.

{02268775.DOCX;1}

62.     Defendant Crawford County, Missouri failed to properly discipline Defendant Manley, and improperly hired her to her position as a Corporal.

63.     Defendant Crawford County, Missouri failed to properly monitor and supervise its police officers.

64.     Plaintiff's injuries resulted from Defendant Crawford County, Missouri's unconstitutional customs and policies in that the unconstitutional customs and policies were the moving force behind the misconduct of Defendants Manley, Treece, West, Delmain, and Bach.

65.     As a direct and proximate result of the unconstitutional customs and polices of Defendant Crawford County, Plaintiff sustained severe and permanent injuries and damages.

WHEREFORE, Plaintiff respectfully prays for judgment under 42 U.S.C. §§ 1983 and 1988 against Defendant Manley in her individual capacity for compensatory damages in a fair and reasonable amount, for reasonable attorneys' fees, for expenses, costs, and other such relief consistent with the purpose of 42 U.S.C. §§ 1983 and 1988.

## COUNT IV

### Missouri Law – Battery against Defendant Manley

66.     Plaintiff re-alleges and incorporates by reference, as though fully contained herein, paragraphs one through sixty–five set forth above.

67.     Defendant Manley engaged in an intended, offensive bodily contact with Plaintiff which lacked justification by intentionally and purposefully tasing him without just cause or proper justification.

68.     As a result of Defendant Manley's conduct, Plaintiff sustained injuries more fully described above.

11

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant Manley in her individual capacity for compensatory damages in a fair and reasonable amount, for punitive damages, for expenses, costs, and other such relief this Court deems just and proper.

/s/ Robert T. Plunkert
Peter J. Dunne  #31482MO
Robert T. Plunkert  #62064MO
PITZER SNODGRASS, P.C.
Attorneys for Plaintiff
100 South Fourth Street, Suite 400
St. Louis, Missouri  63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
Email: dunne@pspclaw.com
Email: plunkert@pspclaw.com

{02268775.DOCX;1}